UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**ROBERT HEIBEL,**

                **Plaintiff,**                  **CIVIL ACTION NO. 08-CV-13078-DT**

    **vs.**

                                    **DISTRICT JUDGE MARIANNE O. BATTANI**

**PATRICIA CARUSO,**          **MAGISTRATE JUDGE MONA K. MAJZOUB**
**et. al,**

                **Defendants.**
_____/

## REPORT AND RECOMMENDATION

**I.**    **RECOMMENDATION:**    The Motion to Dismiss filed by Defendants Brady and Prasad

on October 22, 2008 (docket no. 15) should be **GRANTED,** and this action should be **DISMISSED.**

**II.**    **REPORT:**

This matter comes before the Court on the Motion to Dismiss filed by the two remaining

Defendants in this action: Dr. Brady and Dr. Prasad.  (Docket no. 15).  Plaintiff, a Michigan state

prisoner proceeding *pro se*, responded on November 3, 2008.  (Docket no. 17).  All pretrial matters

have been referred to the undersigned for decision.  (Docket no. 10).  The Court dispenses with oral

argument pursuant to E.D. Mich. LR 7.1(e).  Defendants' Motion to Dismiss is now ready for ruling.

    **A.**    **Facts and Claims**

This is a civil rights action filed pursuant to 42 U.S.C. § 1983.  Plaintiff alleges in his

Complaint that Dr. Brady and Dr. Prasad, both doctors at the Parr Correctional Facility, have

subjected him to deliberate indifference with regard to his serious medical need.  (Docket no. 1).

Plaintiff claims that he has chronic back pain.  He recounts in his Complaint his interaction with

these physicians and other medical personnel at Parr Correctional Facility from February 3, 2007 until March 5, 2008.  Plaintiff alleges that during this time period he attempted unsuccessfully to obtain a permanent special accommodations detail and proper medical treatment for his chronic back pain.  (Docket no. 1 at 2).  Plaintiff claims that to exceed thirty days to schedule an appointment to see a doctor constitutes deliberate indifference to his medical need.  (*Id*. at 4).  He complains that the discontinuation of his antacid tablets constitutes deliberate indifference as well.  (*Id*.).  Plaintiff states that he was examined by Dr. Brady on March 15, 2007, March 20, 2007, and on December 17, 2007.  (*Id*. at 5, 8).  Dr. Brady, however, refused to authorize the permanent special accommodations that Plaintiff requested.  Plaintiff also complains of problems in obtaining Tylenol or Motrin for his back pain but acknowledges that on September 22, 2007 he was informed by Dr. Prasad that Plaintiff could obtain Tylenol at the prison store.  Plaintiff also states that he received some Tylenol pursuant to a prescription on January 28, 2008.  (*Id*. at 9).  Plaintiff seeks as relief a declaratory judgment and damages.  (*Id*. at 12-13).

Defendants move to dismiss first on the ground that Plaintiff has failed to exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a).  (Docket no. 15).  Defendants also contend that dismissal is proper because Plaintiff has failed to state a claim of deliberate indifference under the Eighth Amendment.  (*Id*.).

**B.     Governing Law**

Defendants move to dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted.  Dismissal under this rule is appropriate when it is clear that no relief could be granted under any set of facts that could be proved consistent with Plaintiff's allegations.  *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987).  In

considering this motion, the Court must accept as true the well-pleaded factual allegations in

Plaintiff's complaint.  (*Id.*).   The Court does not have to accept as true legal conclusions or

unwarranted factual inferences, however.  (*Id.*).

Under 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions

under section 1983 . . . by a prisoner confined in any jail, prison, or other correctional facility until

such administrative remedies as are available are exhausted."  The Supreme Court recently clarified

that proper exhaustion requires a prisoner to comply with state procedural rules such as time limits

for filing grievances.  *Woodford v. Ngo,* 548 U.S. 81 (2006).

  **C.**  **Analysis**

    **1.**   **Administrative Exhaustion**

Defendants show that Plaintiff failed to properly exhaust his administrative remedies against

them.  Defendants presented the records of the Michigan Department of Corrections showing the

grievances filed by Plaintiff during the years 2005 through September 30, 2008.  (Docket no. 15-5

at 2).  Plaintiff relies on the first listed grievance, No. MPF-2005-09-619-12z1, in his Response to

show that he properly exhausted his claims.  (Docket no. 17 at 2).  However, that grievance was

submitted by Plaintiff on September 1, 2005.  (Docket no. 15-5 at 9).  Plaintiff complains in this

grievance about his chronic back pain and requests that health services reinstate his light duty detail.

(*Id.*).  Plaintiff does not mention either Dr. Brady or Dr. Prasad.  This grievance filed in 2005 could

not exhaust his remedies for the events Plaintiff describes in his Complaint which occurred in 2007

and 2008.[1]  In addition, the failure of the grievance to name either Defendant prevents this grievance

---

[1] This grievance was also apparently filed when Plaintiff was housed in a facility other
than Parr Correctional Facility where Defendants were assigned.

from satisfying Plaintiff's obligation to exhaust his remedies.  Accordingly, this grievance fails to show proper exhaustion.

Plaintiff submitted three grievances in 2007 according to the records of the Department of Corrections.  These grievances are the only ones submitted during the time relevant to the events described in Plaintiff's Complaint.  (Docket no. 15-5 at 2).  Defendants show that each of these grievances are coded by the Department of Corrections as being rejected because they were untimely filed.  The code "28e" at the end of the grievance numbers designates this defect.  These grievances are ATF-2007-07-626-28e, ATF-2007-627-28e, and ATF-2007-11-1052-28e.  Plaintiff does not make any argument concerning the first two of these grievances.

In his Complaint, Plaintiff argues that grievance no. ATF-071101052-28E proves his exhaustion of remedies.  (Docket no. 1 at 11).  Plaintiff submits copies of this grievance and the responses to it.  Plaintiff in this grievance quotes from prison regulations on medical details and special accommodation notices and states that "this" is a deliberate indifference to his medical need but fails to name either Defendant as the subject of the grievance.  (Docket no. 1 at 41).  The response is that the grievance is being returned "without investigation for the reason that you are [sic] have exceeded the time limits to file a grievance." (*Id*.).  The response further states that a copy will be forwarded to health care to make them aware of Plaintiff's concerns.  (*Id*.).  Plaintiff appealed to step two and did name Dr. Brady and Dr. Prasad in that appeal.  (*Id*. at 31).  The step two response ends by stating that the step one response is upheld.  (*Id*.).  Plaintiff then appealed to step three without naming Defendants.  (*Id*. at 19).  The step three appeal was denied.  (*Id*. at 20).

Although an argument can be made that grievance ATF-2007-11-1052-28e placed prison officials on notice of Plaintiff's complaint, the initial defect of untimeliness was upheld throughout

-4-

all of the stages of the appeal process. Plaintiff failed to comply with the applicable prison regulation governing the time for filing step one grievances. MDOC Policy Directive 03.02.130 ¶ P (docket no. 15-6). In addition, Plaintiff failed to follow the regulation requiring the grievance to include the "names of all those involved in the issue being grieved." (*Id.* ¶ R). Plaintiff's failure to follow the applicable regulations is fatal to his argument that he properly exhausted his administrative remedies. *Jones v. Bock*, 549 U.S. 199, 218 (2007); *Woodford*, 548 U.S. 81; *Edwards v. Burnett*, 2007 WL 1768770, slip op. at *2 (E.D. Mich. June 15, 2007).

Pursuant to 42 U.S.C. § 1997e(a), Plaintiff may not bring this action, and dismissal is appropriate.

### 2. Deliberate Indifference to Serious Medical Need

Alternatively, the Court finds that dismissal is appropriate because Plaintiff's allegations against Dr. Prasad and Dr. Brady fail to state a claim of deliberate indifference to a serious medical need. First, there is no showing that Plaintiff's need for antacid is due to a serious medical need. Second, as for Plaintiff's alleged chronic back pain, the record shows that Defendants saw him at least three times during the time period he complains about in his Complaint, February 2007 through January 2008. (Docket no. 1 at 5, 8). A disagreement over whether Plaintiff deserved a medical detail for a special mattress or special shoes does not state a claim of deliberate indifference. *See Sanderfer v. Nichols*, 62 F.3d 151, 154-55 (6th Cir. 1995); *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976). Although Plaintiff cites problems with getting his pain medicine refilled, he was advised by Defendants that he could purchase the same medication, Tylenol, at the prison store. (Docket no. 1 at 6). Plaintiff does not allege that he was unable to do so. It is clear that Plaintiff was receiving medication by prescription although not as regularly as Plaintiff desired. (*Id.* at 9). The

record also shows that Plaintiff was issued a "bottom bunk detail" on April 5, 2007. (*Id*. at 5).  This was apparently in response to Plaintiff's complaints of back pain.  Accordingly, viewing the evidence as a whole, Plaintiff has failed to state a claim of deliberate indifference to his serious medical need.

### III.     NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc.  Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains.  Not later than ten days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity.  The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: January 14, 2009                         s/ Mona K. Majzoub
                                                MONA K. MAJZOUB
                                                UNITED STATES MAGISTRATE JUDGE

## **PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served upon Robert Heibel and Counsel of Record on this date.

Dated: January 14, 2009                         s/ Lisa C. Bartlett
                                                Courtroom Deputy